## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| J&J Sports Productions, Inc., | ) | **C/A No.:**   3:17-02939-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| Christopher V. Lawson d/b/a The Lake House | ) | |
| at Lake Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### COMPLAINT FOR DAMAGES
(Designation: Property Rights)

**THE PLAINTIFF ALLEGES**:

### JURISDICTION

1.      Jurisdiction is founded on the existence of a question arising under particular statutes.  This action is brought pursuant to several federal statutes, including The Communications Act of 1934, as amended, 47 U.S.C. §605, and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. §553.

2.      This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

3.      This Court has personal jurisdiction over the parties in this action as a result of the Defendant's wrongful acts hereinafter complained of, which acts violated the Plaintiff's rights as the exclusive commercial distributor of the televised fight program hereinafter set forth at length. The Defendant's wrongful acts consisted of the interception and tortuous conversion of said property of the Plaintiff within the control of the Plaintiff in the State of South Carolina.

1

## VENUE

4.      Venue is proper in the District of South Carolina because the event giving rise to the claim occurred in this District.

## THE PARTIES

5.      The Plaintiff is, and at all relevant times mentioned was, a California corporation, with its principal place of business located at 2380 S. Bascom Avenue, Suite 200, Campbell, California, 95008.

6.      The Defendant, upon information and belief, is a citizen and resident of the County of Richland, State of South Carolina, and is, or at all relevant times mentioned was, doing business under the name of The Lake House at Lake Carolina (the "establishment"), located in the County of Richland, at 8301 Wilson Boulevard, Columbia, South Carolina 29203.

7.      The Plaintiff is further informed and believes, and alleges based thereon, that the Defendant committed, directly or indirectly, the wrongful acts complained of hereinafter.

8.      The Plaintiff is further informed and believes, and alleges based thereon, that the Defendant is liable in his individual capacity for the civil wrongs performed using the name of the establishment.

9.      The Plaintiff is further informed and believes, and alleges based thereon, that the Defendant had dominion, supervisory control, oversight and management authority, directly or indirectly, over the said establishment.

## COUNT I
(Violation of 47 U.S.C. §605)

10.      The Plaintiff hereby incorporates by reference all of the allegations contained in Paragraphs 1 through 9, inclusive, above, as though set forth verbatim.

11.      By contract, the Plaintiff paid for and was granted the exclusive, nationwide,

2

television distribution rights to *"'The Fight of the Century' Floyd Mayweather, Jr. v. Manny Pacquiao Championship Fight Program,"* which took place on May 2, 2015 (this included all sports commentary encompassed in the television broadcast of the main event) (hereinafter referred to as the "Program").

12.     Pursuant to individual contracts, the Plaintiff entered into subsequent sublicensing agreements with various persons and entities throughout North America, including persons and entities within the State of South Carolina, by which it granted these persons and entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to their customers within their respective commercial establishments (e.g., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

13.     As a commercial distributor of sporting events, including the Program, the Plaintiff expended substantial monies marketing, advertising, promoting, administering and transmitting the Program to its customers, the aforementioned persons and entities.

14.     With full knowledge that the Program was not to be intercepted, received and exhibited by persons and entities not authorized to do so, the Defendant, and/or his agent, servant, workmen or employees, did unlawfully intercept, receive, publish, divulge and exhibit the Program at the time of its transmission at the address of the establishment, as indicated above.

15.     Said unauthorized interception, receipt, publication, divulgence and exhibition by the Defendant was done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

16.     The Plaintiff is informed and believes, and alleges based thereon, that the Defendant, directly or indirectly, had the right and ability to supervise the said misconduct.

17.     The Plaintiff is further informed and believes, and alleges based thereon, that the

Defendant had an obvious and direct financial interest in the misconduct.

18.     The Plaintiff is further informed and believes, and alleges based thereon, that the Defendant was present during, and participated in, the misconduct.

19.     The Plaintiff is further informed and believes, and alleges based thereon, that the Defendant, directly or indirectly, directed, authorized or supervised the misconduct by another person or persons.

20.     The said 47 U.S.C. §605 prohibits the unauthorized publication or use of communications (such as the transmission of the Program for which the Plaintiff had the distribution rights).

21.     By reason of the aforementioned conduct, the Defendant violated 47 U.S.C. §605.

22.     By reason of the Defendant's violation of 47 U.S.C. §605, the Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

23.     As the result of the Defendant's violation of 47 U.S.C. §605, and pursuant to §605, the Plaintiff is entitled to the following from the Defendant:

    a)     statutory damages for each violation in an amount up to $10,000.00, pursuant to 47 U.S.C. §605(e)(3)(C)(i)(II); and also

    b)     enhanced damages for each willful violation in an amount up to $100,000.00, pursuant to 47 U.S.C. §605(e)(3)(C)(ii); and also

    c)     the recovery of full costs, including reasonable attorney's fees, pursuant to 47 U.S.C. §605(e)(3)(B)(iii).

### <u>COUNT II</u>
(Violation of 47 U.S.C. §553)

24.     The Plaintiff hereby incorporates by reference all of the allegations contained in Paragraphs 1 through 23, inclusive, above, as though set forth verbatim.

4

25. The unauthorized interception, receipt, publication, divulgence and exhibition of the Program by the Defendant is prohibited by 47 U.S.C. §553.

26. By reason of the aforementioned conduct, the Defendant violated 47 U.S.C. §553.

27. By reason of the Defendant's violation of 47 U.S.C. §553, the Plaintiff has a private right of action pursuant to 47 U.S.C. §553.

28. As a result of the Defendant's violation of 47 U.S.C. §553, and pursuant to §553, the Plaintiff is entitled to the following from the Defendant:

a) statutory damages of up to $10,000.00, pursuant to 47 U.S.C. §553(c)(3)(A)(ii); and also

b) enhanced damages for the willful violation in an amount up to $50,000.00, pursuant to 47 U.S.C. §553(c)(3)(B); and also

c) the recovery of full costs, including reasonable attorney's fees, pursuant to 47 U.S.C. §553(c)(2)(C).

29. Without further discovery from, or admission by, the Defendant, the Plaintiff cannot determine if the Defendant intercepted the Program transmitted by a cable system, in violation of 47 U.S.C. §553, or transmitted by a satellite signal, in violation of 47 U.S.C. §605. As such, the Plaintiff is alleging two (2) alternative counts. The Plaintiff recognizes that the Defendant can be liable under only one (1) of these statutes.

## COUNT III
(Conversion)

30. The Plaintiff hereby incorporates by reference all of the allegations contained in Paragraphs 1 through 29, inclusive, above, as though set forth verbatim.

31. By the Defendant's acts as aforesaid in intercepting, receiving, publishing, divulging and exhibiting the Program at the above-referenced address, the Defendant tortuously

obtained possession of the Program and wrongfully converted it to their own use and benefit.

32.    The aforesaid acts of the Defendant were willful, malicious and intentionally designed to harm the Plaintiff and to subject the Plaintiff to economic distress.

33.    Accordingly, the Plaintiff is entitled to both compensatory and punitive damages from the Defendant as the result of the Defendant's willful and egregious conduct and conversion.

WHEREFORE, the Plaintiff prays for judgment against the Defendant, as set forth below:

**On Count I:**

1.    For statutory damages in an amount up to $10,000.00 for each violation; and

2.    For enhanced damages in an amount up to $100,000.00 for each violation; and

3.    For reasonable attorney's fees as may be awarded in the Court's discretion pursuant to statute; and

4.    For all costs of suit, including but not limited to filing fees, service of process fees and investigative costs; and

5.    For such other and further relief as this Honorable Court may deem just and proper.

**On Count II:**

1.    For statutory damages in an amount up to $10,000.00; and

2.    For enhanced damages in an amount up to $50,000.00; and

3.    For reasonable attorney's fees as may be awarded in the Court's discretion pursuant to statute; and

4.    For all costs of suit, including but not limited to filing fees, service of process fees and investigative costs; and

5.    For such other and further relief as this Honorable Court may deem just and proper.

**On Count III:**

1.    For compensatory and punitive damages in an amount(s) proved at trial; and

2.    For all costs of suit, including but not limited to filing fees, service of process fees, and investigative costs; and

3.    For such other and further relief as this Honorable Court may deem just and proper.

<div style="margin-left:40%">

<u>s/Leonard R. Jordan, Jr.,</u>
Leonard R. Jordan, Jr. ID #2248
JORDAN LAW FIRM
211 Veterans Road, Suite D
Columbia, South Carolina 29209
(803) 726-1950 Tel
(803) 726-1951 Fax

</div>

Columbia, South Carolina          Email: ljordan@ljordanlaw.com
October 31, 2017                  Attorney for Plaintiff