IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| J&J Sports Productions, Inc., | ) | |
| | ) | Civil Action No.: 3:17-cv-02939-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Christopher V. Lawson, *doing business as*, | ) | |
| The Lake House at Lake Carolina, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for review of Plaintiff J&J Sports Productions, Inc.'s ("Plaintiff") Motion to Strike Defendant's Answer filed on January 14, 2019. (ECF No. 34.) Defendant Christopher V. Lawson ("Defendant") filed his Answer on December 14, 2018, which was after a default judgment was entered against him on November 19, 2018. (ECF Nos. 26, 30.) Plaintiff contends that the court's entry of a default judgment against Defendant precludes Defendant from filing an Answer unless the court sets the default judgment aside. (ECF No. 34 at 1–2.) For the reasons set forth herein, the court **GRANTS** Plaintiff's Motion to Strike Defendant's Answer (ECF No. 34) and **STRIKES** the entirety of Defendant's Answer (ECF No. 30).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed its Complaint in the United States District Court for the District Court of South Carolina on October 31, 2017. (ECF No. 1.) Plaintiff states that it "paid for and was granted the exclusive, nationwide, television distribution rights to '"*The Fight of the Century*" *Floyd Mayweather, Jr. v. Manny Pacquiao Championship Fight Program,*' which took place on May 2, 2015 [("the Program")] . . . ." (*Id.* at 2–3 ¶ 11.) Pursuant to individual contracts, Plaintiff permitted "various persons and entities throughout North America, including persons and entities within the

1

State of South Carolina," to "publicly exhibit" the Program to customers within their commercial establishments. (*Id.* at 3 ¶ 12.) These commercial establishments included hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc. (*Id.*) Plaintiff contends that the Program "was not to be intercepted, received, and exhibited by persons and entities not authorized to do so . . . ." (*Id.* at 3 ¶ 14.) Specifically, Plaintiff submits that Defendant "did unlawfully intercept, receive, publish, divulge, and exhibit the Program at the time of its transmission at the address of [its] establishment . . . ." (*Id.*) Within its Complaint, Plaintiff brings three claims against Defendant. (*Id.* at 2–6 ¶¶ 10–33.) First, Plaintiff alleges that Defendant violated the Communications Act of 1934, 47 U.S.C. § 605. (*Id.* at 4 ¶¶ 20–23.) Second, Plaintiff alleges that Defendant violated the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553. (*Id.* at 5 ¶¶ 25–29.) Lastly, Plaintiff submits that Defendant is liable for the common law claim of conversion. (*Id.* at 5–6 ¶¶ 30–33.) Plaintiff seeks costs for filing the suit, statutory damages, enhanced damages, and reasonable attorney's fees. (*Id.* at 6–7.)

On November 15, 2018, Plaintiff filed its Request for Entry of Default. (ECF No. 25 at 1.) Plaintiff requested default in this matter because "Defendant [] failed to file an answer or otherwise plead to Plaintiff's Complaint within the time prescribed by the Federal Rules of Civil Procedure." (*Id.*) Defendant did not respond to Plaintiff's Request for Entry of Default. On November 19, 2018, the Clerk of Court for the District of South Carolina entered a default entry, but not a default judgment, because there was only a request for entry of default and not a pending motion before the court requesting a judgment. (ECF No. 25.) Approximately a month later, on December 14, 2018, Defendant filed his Answer to Plaintiff's Complaint. (ECF No. 30.)

On January 14, 2019, Plaintiff filed its Motion to Strike Defendant's Answer. (ECF No. 34.) Plaintiff argues that "Defendant remains in default[,] and Defendant has not moved to set

aside the default." (*Id.* at 1.) Plaintiff maintains that "[a]s Defendant is in default, he may not file an Answer, and thus his Answer must be stricken in its entirety." (*Id.* at 2 (citations omitted).) Defendant did not respond to Plaintiff's Motion to Strike.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a federal district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Generally, the court may strike a pleading if a party files a formal motion before the court and if the party's motion is made "before responding" to the pertinent pleading *or* within twenty-one (21) days "after being served with the pleading" when a responsive pleading is disallowed. FED. R. CIV. P. 12(f)(2). Nevertheless, "[a] motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted." *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D.W. Va. 1993) (citations omitted). "Motions to strike are . . . granted only for egregious violations." *Brown v. Inst. for Family Centered Servs., Inc.*, 394 F. Supp. 2d 724, 727 (M.D.N.C. 2005) (citing *Farrell v. Pike*, 342 F. Supp. 2d 433, 441 (M.D.N.C. 2004)). Accordingly, "before a motion to strike will be granted, the allegations must be the type envisioned by the rule and prejudicial." *Id.* (citing *Hare v. Family Publ'ns Serv., Inc.*, 342 F. Supp. 678, 685 (1972)).

"The purpose of the motion to strike 'is to avoid the waste of time and money that arises from litigating unnecessary issues.'" *Godfredson v. JBC Legal Grp., P.C.*, 387 F. Supp. 2d 543, 547 (E.D.N.C. 2005) (quoting *Simaan, Inc. v. BP Prods. N. Am., Inc.*, 395 F. Supp. 2d 271, 278 (M.D.N.C. 2005)). "[T]he decision of whether to strike all or part of a pleading rests within the sound discretion of the [c]ourt." *Barnes v. District of Columbia*, 289 F.R.D. 1, 6 (D.D.C. 2012) (citations omitted). In harmony with Rule 12(f), federal district courts "have 'inherent power' to impose sanctions–say, striking an untimely answer–for violations of Rule 12(a)." *State*

*Compensation Ins. Fund v. Capen*, No. SACV 15–01279 AG (JCGx), 2016 WL 9083270, at *2 (C.D. Cal. Dec. 16, 2016) (quoting *McCabe v. Arave*, 827 F.2d 634, 640 (9th Cir. 1987)).

### III. DISCUSSION

First, as an initial matter, Plaintiff's Motion to Strike needed to be filed "before responding" to Defendant's Answer or "if a response [was] not allowed, within 21 days after being served with the pleading." FED. R. CIV. P. 12(f)(2). Here, Defendant filed his Answer on December 14, 2018, but there is no indication from the Answer or the record that Plaintiff, as a party to the action, was ever served with the pleading. (*See* ECF No. 30.) Thus, it is impossible for the court to determine the proper date under which to evaluate the timeliness of Plaintiff's Motion to Strike. FED. R. CIV. P. 5(a)(1)(B) ("Unless the rules provide otherwise, each of the following papers must be served *on every party*: . . . (B) a pleading filed after the original complaint . . . ." (emphasis added)). Nevertheless, Rule 12(f)(2) still permits a party to file a motion to strike "before responding" to a pleading. Here, Plaintiff filed his Motion to Strike "before responding" to Defendant's Answer. (*See* ECF Nos. 30, 34.) Accordingly, Plaintiff's Motion to Strike is timely under the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(f)(2). Interestingly, even if Plaintiff's Motion to Strike is untimely, the court is still permitted to consider the Motion "on its own." FED. R. CIV. P. 12(f)(1). *See generally Newborn Bros. Co., Inc. v. Albion Eng'g Co.*, 299 F.R.D. 90, 95 (D.N.J. 2014) ("Moreover, even if the [c]ourt were to find that the motion was not timely filed, the [c]ourt could still properly consider the merits of the motion because Rule 12(f) permits the [c]ourt to act 'on its own[,]' and this authority 'to strike an insufficient defense on its 'own initiative at any time' has been interpreted to allow the district court to consider untimely motions to strike and to grant them if doing so seems proper.'" (citations omitted)); *Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011) ("The court, however, may

4

make appropriate orders to strike under the rule at any time on its own initiative. Thus, the court may consider and grant an untimely motion to strike where it seems proper to do so." (citations omitted)).

Pursuant to the Federal Rules of Civil Procedure, "[a] defendant must serve an answer . . . within 21 days after being served with the summons and complaint . . . ." FED. R. CIV. P. 12(a)(1)(A)(i). As one federal court has succinctly described Rule 12(a)'s time requirements, "[t]hat's a mandate, not a mere suggestion." *Capen*, 2016 WL 9083270, at *1. Without dispute, Plaintiff's Complaint was filed on October 31, 2017. (ECF No. 1.) However, it was not until October 19, 2018, that Plaintiff executed service upon Defendant by serving Mr. Randy Reeves, Defendant's father, with the Complaint and Summons at Defendant's residence.[1] (ECF No. 24-1 at 1.) Defendant's Answer was not filed until December 14, 2018, which is well past twenty-one (21) days after October 19, 2018, and almost two (2) months after being served. (*Compare* ECF No. 30, *with* ECF No. 24-1.) Additionally, there is no indication from Defendant's Answer, or anything revealed within the record for that matter, that Plaintiff was actually served with the Answer (ECF No. 30). FED. R. CIV. P. 5(a)(1)(B). Lastly, the court notes that Plaintiff's Motion to Strike is unopposed by Defendant, and Defendant has not communicated with the court in regard to the Motion. For these reasons, the court is compelled to grant Plaintiff's Motion to Strike Defendant's Answer.[2]

---

[1] Plaintiff executed a valid method of service because, under the Federal Rules of Civil Procedure, a party may execute service by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." FED. R. CIV. P. 4(e)(2)(b). Evidence within the record indicates that Plaintiff complied with the Federal Rules of Civil Procedure. (*See* ECF No. 24-1 at 1–2.)

[2] The court recognizes that Plaintiff argues "[a]s Defendant is in default, he may not file an Answer, and thus his Answer must be stricken in its entirety." (ECF No. 34 at 2 (citations omitted).) However, the court need not address Plaintiff's general contention—namely, whether a defaulted party may file an answer—because the filing of an answer must always be timely. *See* Fed. R. Civ.

## IV. CONCLUSION

After careful consideration of Plaintiff's Motion and the record, the court **GRANTS** Plaintiff's Motion to Strike Defendant's Answer (ECF No. 34) and **STRIKES** the entirety of Defendant's Answer (ECF No. 30).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 19, 2019
Columbia, South Carolina

---

P. 12(a)(1)(A)(i) ("A defendant *must serve* an answer . . . within 21 days after being served with the summons and complaint . . . ." (emphasis added)). Here, Defendant has not met the initial timeliness threshold. *See supra* Part III. Moreover, Plaintiff has yet to receive a judgment of default, but has only received the clerk's entry of default, because it has not filed a formal motion for such a judgment. (*See* ECF No. 26.)