IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| J&J Sports Productions, Inc., | ) |
| | ) Civil Action No.: 3:17-cv-02939-JMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| Christopher V. Lawson, *doing business as*, | ) |
| The Lake House at Lake Carolina, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court for review of Plaintiff J&J Sports Productions, Inc.'s ("Plaintiff") Motion for Default Judgment, brought pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, filed on April 23, 2019. (ECF No. 46.) Defendant Christopher V. Lawson ("Defendant") failed to respond to Plaintiff's Motion. For the reasons set forth herein, the court **GRANTS** Plaintiff's Motion for Default Judgment (ECF No. 46). Therefore, the court **AWARDS** a total of $32,115.00 in damages, attorney's fees, and costs.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed its Complaint in the United States District Court for the District Court of South Carolina on October 31, 2017. (ECF No. 1.) Plaintiff states that it "paid for and was granted the exclusive, nationwide, television distribution rights to '"*The Fight of the Century*" *Floyd Mayweather, Jr. v. Manny Pacquiao Championship Fight Program,*' which took place on May 2, 2015 [("the Program")] . . . ." (*Id.* at 2–3 ¶ 11.) Pursuant to individual contracts, Plaintiff permitted "various persons and entities throughout North America, including persons and entities within the State of South Carolina," to "publicly exhibit" the Program to customers within their commercial establishments. (*Id.* at 3 ¶ 12.) These commercial establishments included hotels, racetracks,

1

casinos, bars, taverns, restaurants, social clubs, etc. (*Id.*) Plaintiff contends that the Program "was not to be intercepted, received, and exhibited by persons and entities not authorized to do so . . . ." (*Id.* at 3 ¶ 14.) Specifically, Plaintiff submits that Defendant "did unlawfully intercept, receive, publish, divulge, and exhibit the Program at the time of its transmission at the address of [its] establishment . . . ." (*Id.*) Within its Complaint, Plaintiff brings three claims against Defendant. (*Id.* at 2–6 ¶¶ 10–33.) First, Plaintiff alleges that Defendant violated the Communications Act of 1934, 47 U.S.C. § 605. (*Id.* at 4 ¶¶ 20–23.) Second, Plaintiff alleges that Defendant violated the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553. (*Id.* at 5 ¶¶ 25–29.) Lastly, Plaintiff submits that Defendant is liable for the common law claim of conversion. (*Id.* at 5–6 ¶¶ 30–33.) Plaintiff seeks costs for filing the suit, statutory damages, enhanced damages, and reasonable attorney's fees. (*Id.* at 6–7.)

On November 15, 2018, Plaintiff filed its Request for Entry of Default. (ECF No. 25 at 1.) Plaintiff requested default in this matter because "Defendant [] failed to file an answer or otherwise plead to Plaintiff's Complaint within the time prescribed by the Federal Rules of Civil Procedure." (*Id.*) Defendant did not respond to Plaintiff's Request for Entry of Default. On November 19, 2018, the Clerk of Court for the District of South Carolina entered a default entry, but not a default judgment, because there was only a request for entry of default and not a pending motion before the court requesting a judgment. (ECF No. 25.) Approximately a month later, on December 14, 2018, Defendant filed his Answer to Plaintiff's Complaint. (ECF No. 30.) The court granted Plaintiff's Motion to Strike Defendant's Answer on April 19, 2019. (ECF No. 45.)

On April 23, 2019, Plaintiff formally filed its Motion for Default Judgment. (ECF No. 46.) Within its Motion, Plaintiff maintains that it is entitled to a "full and final judgment against Defendant." (ECF No. 46-1 at 4.) Plaintiff seeks the following damages: (1) six thousand dollars

and zero cents ($6,000.00) for a violation of 47 U.S.C. § 605(e)(3)(C)(i)(II); (2) twenty-four thousand dollars and zero cents ($24,000.00) for a violation of 47 U.S.C. § 605(e)(3)(C)(ii); and one thousand five hundred dollars and zero cents ($1,500.00) in attorney's fees and six hundred fifteen dollars and zero cents ($615.00) in costs. (*Id.* at 11.) In sum, Plaintiff seeks a total of thirty-two thousand one hundred fifteen dollars and zero cents ($32,115.00).[1] (*Id.*) Defendant has not filed any response to Plaintiff's Motion despite the passage of the deadline for doing so.

## II. DICUSSION

First, liability has been established by Defendant's default. (ECF Nos. 25, 26.) *See also J&J Sports Prods., Inc. v. Collective Minds, LLC*, C/A No. 3:17-cv-02346-CMC, 2017 WL 5988207, at *1 (D.S.C. Dec. 4, 2017) (noting that liability is established by a defendant's default); *J&J Sports Prods., Inc. v. Segura*, C/A No. 3:12–cv–03241–CMC, 2013 WL 1194844, at *2 (D.S.C. Mar. 22, 2013) (same). Because liability is established, the court makes the following findings of fact and reaches the following conclusions of law with respect to these issues:

> 1. Defendant is in default and has, by virtue of his default, admitted all factual allegations in the Complaint (ECF No. 1). *See Collective Minds, LLC*, 2017 WL 5988207, at *1.
>
> 2. Those allegations include that Defendant (a) unlawfully and willfully intercepted, received, published, divulged, and exhibited the Program; (b) such unauthorized action was done so for "commercial advantage or private financial gain"; and (c) the misconduct was committed either "directly or indirectly" by Defendant. (ECF No. 1 at 2–7.)
>
> 3. In addition, Defendant, by defaulting, admits that he bears vicarious and direct responsibility for the display of the Program and is liable for the same. (*Id.*)

---

[1] Based upon the aforementioned requests, Plaintiff has seemed to abandon and waive its claim for conversion under the common law of South Carolina, which was included in its Complaint. (*Compare* ECF No. 1 at 5–6 ¶¶ 30–33, *with* ECF No. 46-1 at 11.) Additionally, Plaintiff has seemed to abandon and waive its claim under the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553. (*Compare* ECF No. 1 at 5 ¶¶ 25–29, *with* ECF No. 46-1 at 11.)

3

4. The rate Defendant would have paid to lawfully display the Program to his patrons was a minimum of three thousand dollars and zero cents ($3,000.00) (the rate charged for businesses with a seating capacity of one hundred (100) people) because his establishment could hold approximately one hundred (100) people. (ECF No. 46-2 at 3, 10; ECF No. 46-3 at 2.)

5. Defendant advertised the Program on the business' Facebook page and also charged a cover charge, of twenty dollars and zero cents ($20.00), for admission on the night the Program was displayed. (ECF No. 46-2 at 5–6, 12–13; ECF No. 46-3 at 1–2.)

6. In order to defer similar conduct, the court finds that the amount of the statutory damage award, under 47 U.S.C. § 605(e)(3)(C)(i)(II), should be six thousand dollars and zero cents ($6,000.00). Thus, the court awards six thousand dollars and zero cents ($6,000.00), which is equitable and reasonable under the circumstances, and thereby compensates Plaintiff for the erosion of its customer base and ability to pay for fees inherent in the sublicensing regime.

7. In addition, the court awards twenty-four thousand dollars and zero cents ($24,000.00), under 47 U.S.C. § 605(e)(3)(C)(ii), due to the willful and knowing nature of the piracy. In imposing this amount, which is eight times the rate that should have been paid, the court considers the aggravating factors discussed above (¶ 5).

8. Lastly, under 47 U.S.C. § 605(e)(3)(C)(ii), the court awards both attorney's fees in the amount of one thousand five hundred dollars and zero cents ($1,500.00) and six hundred fifteen dollars and zero cents ($615.00) in costs.

### III. CONCLUSION

For the reasons stated herein, the court **GRANTS** Plaintiff's Motion for Default Judgment (ECF No. 46). Accordingly, the court **AWARDS** a total of $32,115.00 in damages, attorney's fees, and costs.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 21, 2019
Columbia, South Carolina

4